MARVIN STOCKTON *v.* THE STATE.*

THE STATE *v.* HERMAN HARRIS.

(*Nashville*.  December Term, 1926.)

Opinion filed January 29, 1927.

1. CRIMINAL LAW.  Felony or misdemeanor.  Presentment.
Presentments in any case of felony or misdemeanor may be made upon information furnished by a member of the grand jury. (Post, p. 13.)

2. SAME.  Same.  Same.  Inquisitorial power of grand jury.
Presentments may be made on the testimony of witnesses summoned by the grand jury for offenses specifically enumerated in the statutes.  (Post, p. 13.)

3. SAME.  Same.  Same.  Same.  Public profanity.  Construction, Acts 1859-60, chapter 86.  Shannon's Code, section 3036.
The grand jury is not vested with inquisitorial power in cases of public profanity.  The effect of Shannon's Code, section 3036, Acts 1859-60, chapter 86, is to relieve the grand jurors of their duty of returning such a presentment for any act of public profanity, which may be within the knowledge of a grand juror, unless in the opinion of such, the public good requires a prosecution.  (Post, p. 13.)

4. SAME.  Same.  Same.  Plea in abatement.
A presentment improperly returned by the grand jury in the exercise of its inquisitorial power, for an offense not specifically enumerated by the statute, may be quashed upon a plea in abatement.  (Post, p. 12-13.)

5. SAME.  Same.  Indictment.  Prosecutor.
The provision for a prosecutor is applied only in the case of indict-

ments, signed by the district attorney-general, and submitted by him to the grand jury. (Post, p. 12-13.)

---

*Headnotes 1. Grand Juries, 28 C. J., section 90; 2. Grand Juries, 28 C. J., section 90.

---

### FROM JACKSON.

---

Appeal from the Criminal Court of Jackson County.— HON. ALBERT WILLIAMS, Judge.

P. J. ANDERSON and HARRY L. PAGE, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the state.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

In each of these cases a presentment was returned by the grand jury for the offense of public profanity.

A plea in abatement was interposed to each presentment on the ground that it was returned by the grand jury in the exercise of inquisitorial power, whereas the legislature has not vested the grand jury with inquisitorial power in cases of public profanity. The fact that each presentment was so returned was admitted by the State.

The learned assistant attorney-general has filed a written memorandum in this court, expressing his opinion to be that the pleas in abatement were good, for the reasons stated therein.

An examination of the statutes discloses that no express authority has been conferred upon grand juries

for the exercise of inquisitorial power in cases of public profanity.; but some confusion seems to have arisen on account of the provisions of Chapter 86 of the Acts of 1859-60 (Shannon's Code, Section 3036), which provides that it shall not be imperative upon grand juries to make presentments for profane cursing and swearing, unless some person is entered as prosecutor, but the grand jurors may make presentments for such offense, if, in their opinion, the public good requires it.

Learned counsel for Stockton and Harris attack the constitutionality of this statute on the ground that it vests the grand jurors with an unconstitutional discretion to enforce or overlook violations of law.

Presentments in any case of felony or misdemeanor may be made upon information furnished by a member of the grand jury; and presentments may be made on the testimony of witnesses summoned by the grand jury for offenses specifically enumerated in the statutes. No prosecutor is required on either class of presentments: The provision for a prosecutor is applied only in the case of indictments signed by the attorney-general and submitted by him to the grand jury.

We do not think the statute referred to can be construed as enlarging the powers of the grand jury, or as conferring the inquisitorial power upon the grand jury in cases of public profanity. It obviously has reference to the power which the grand juries had when the statute was enacted, of returning presentments for such offense on information furnished by a member of the grand jury; and the effect of the statute is to relieve the grand jurors of the duty of returning such a presentment for any act of public profanity which may be within the knowledge of a grand juror, unless, in the opinion of the grand jury, the public good requires a prosecution.

We think, therefore, that this statute has no application to the cases under consideration, and that the grand jury in each case was without power to return the presentment upon the exercise of inquisitorial power. The presentment in each case will be abated.

The county of Jackson will pay the costs of the appeal in each case; the costs of the lower court will be collected in that court in the manner required by law.